UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIRK LEAPHART,

        Plaintiff,

v.

                                                  Case No. 12-13960

DETROIT HOUSING COMMISSION, et al.,    Honorable Julian Abele Cook, Jr.

        Defendants.

## ORDER

This litigation arises out of a claim under 42 U.S.C. § 1983 by the *pro se* Plaintiff, Kirk Leaphart, who complains that he was unlawfully denied access to a grievance procedure mandated by 42 U.S.C. § 1437d(k) prior to his eviction from a public housing development in Detroit, Michigan. On October 15, 2012, Leaphart filed an "emergency motion" for a temporary restraining order or the entry of a preliminary injunction to enjoin the enforcement of the state court judgment pending the resolution of this lawsuit. His motion was denied by this Court because it lacked subject matter jurisdiction to address and resolve the issues raised therein. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Leaphart's subsequent motion for reconsideration was also denied.

Presently before this Court is Leaphart's motion for the disqualification of this Court pursuant to 28 U.S.C. § 455(a) and for relief from the order which denied his motion for reconsideration. For the reasons stated below, this motion is denied.

Section 455 requires that "[a]ny justice, judge, or magistrate judge of the United States

shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). This standard is an objective one and a judge "need not recuse himself based on the subjective view of a party no matter how strongly that view is held." *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990) (internal quotation marks omitted); *see also id.* ("[A] judge must recuse himself if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality.") (quoting *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990)).

Leaphart supports his motion on two grounds. The first ground consists of a single statement: "[t]he cause of action in this case is in itself a species of property protected by the Fourteenth Amendment's due process clause." The meaning of this statement and its relevance to a motion for recusal are not immediately clear to the Court, and Leaphart offers no further explanation. The only law cited by him is *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982), a case that is inapplicable to 28 U.S.C. § 455(a).

Second, Leaphart contends that this judge is biased against him. This conclusion is based upon two earlier rulings with which he disagrees: namely, (1) a directive that the parties herein file briefs that would explain their respective positions in this case, and (2) the denial of his motion for preliminary injunction on the basis of the *Rooker-Feldman* doctrine. Leaphart's disagreement with the rulings by this Court does not constitute proper ground for recusal. The Sixth Circuit has long held that a judge's rulings in a case, regardless of how vehemently a party may disagree with them, are not indicative of a bias that would warrant a directive of recusal. *See Scott v. Metro. Health Corp.*, 234 F. App'x 341, 359 (6th Cir. 2007); *Sammons*, 918 F.2d at 599 ("[T]he requisite showing of prejudice may not be made . . . by pointing to

'erroneous and atypical judicial rulings.'"); *Woodruff v. Tomlin,* 593 F.2d 33, 44 (6th Cir. 1979) (recusal under 28 U.S.C. § 455(a) "cannot be based on decisions or rulings of a Judge"). This position echoes that of the Supreme Court in *Liteky v. United States*, 510 U.S. 540, 555 (1994) ("Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . .  Almost invariably, they are proper grounds for appeal, not for recusal.")

Here, the Court is confident that there is no legitimate basis upon which its impartiality can be reasonably questioned. The order, which required the parties to file briefs that would explain, or attempt to explain, their respective positions was directed equally toward both parties and neither prejudiced nor isolated Leaphart or his cause of action in this case. Furthermore, the Court has considered Leaphart's argument (to wit, the *Rooker-Feldman* doctrine is inapplicable to this case because the state court lacked jurisdiction over his landlord-tenant dispute) and found it to be without merit.

For the reasons that have been set forth above, the Court denies Leaphart's motion for disqualification and for relief from the order which rejected his   motion for reconsideration (ECF No. 23).

IT IS SO ORDERED.

Date:   February 25, 2013                                      s/Julian Abele Cook, Jr.
                                                               JULIAN ABELE COOK, JR.
                                                               United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on February 26, 2013

s/ Kay Doaks
Case Manager
