UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIRK LEAPHART,

                    Plaintiff,

        v.

                                                    Case No. 12-13960
DETROIT HOUSING COMMISSION, et al.,                 Honorable Julian Abele Cook, Jr.

                    Defendants.

<u>ORDER</u>

In this case, the *pro se* Plaintiff, Kirk Leaphart, complains that the Detroit (Michigan) Housing Commission, as well as Dennis Shaffer, one of its employees, acted in such a manner as to unlawfully deprive him of an administrative grievance procedure, to which he is entitled under 42 U.S.C. § 1437d(k). He has also accused Shaffer and Angela Williams of violating his right to due process.

This Court has now been presented with the Defendants' motion to dismiss Leaphart's claims for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 12(h)(3). For the reasons that have been stated below, their motion is denied.

I.

On May 11, 2012, Detroit (Michigan) Housing Commission filed a complaint in the 36th District Court of Michigan, seeking to terminate Leaphart's tenancy for violating the terms of his lease. On August 2, 2012, this state court entered a judgment in favor of the Detroit (Michigan) Housing Commission which, in essence, had authorized Leaphart's removal from his premises. A writ of eviction followed.  However, the execution of this writ  was delayed

while the state court   decision was appealed by Leaphart to a state appellate court.

During the following month, Leaphart initiated a lawsuit in this Court, seeking, among other things, the entry of a   preliminary injunction which, if granted, would restrain the state court from its eviction efforts. On October 3, 2012, the state court - prior to any action by this Court - caused a second writ of eviction to be issued which resulted in Leaphart's removal from his property. In an effort to forestall his ouster from this leased property, Leaphart filed an amended complaint in the federal court action, in which he contended that his fundamental constitutional rights to due process had been violated by (1) Williams, whom he accused of engaging in an ex-parte communication with the state court judge who issued the second writ of eviction, and (2) Shaffer, who had allegedly rejected his request to grant a stay of eviction. Thereafter, Leaphart returned his attention to this federal court for aid by filing an "emergency motion" for injunctive relief which represented his effort to thwart the actions by the state court. However, his application for relief was rejected by this federal court, citing to *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and  *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). A subsequent motion for reconsideration by Leaphart was also denied.

## II.

In support of their motion, the Defendants argue that this Court lacks subject matter jurisdiction to address Leaphart's state court claims, citing to the *Rooker-Feldman* doctrine. Their motion was filed pursuant to Fed. R. Civ. P. 12(b)(1), (b)(6), and (h)(3). The Court notes that Rule 12(b) requires a party to raise any Rule 12(b) defenses prior to the filing of any pleading. Here, the

2

Defendants submitted their motion to dismiss after answering Leaphart's complaint, making it untimely under these above-mentioned rules of procedure. However, inasmuch as a court must have subject matter jurisdiction before ruling on an issue, the Sixth Circuit has held that "[t]he existence of subject matter jurisdiction may be raised at any time, by any party, or even *sua sponte* by the court itself." *In re Lewis,* 398 F.3d 735, 739 (6th Cir. 2005); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Several years ago, the Sixth Circuit opined that "[m]otions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack challenges the sufficiency of the pleading, whereas a factual attack challenges "the factual existence of subject matter jurisdiction." *Id.* When evaluating a factual attack to its subject matter jurisdiction, "the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* The plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Angel v. Kentucky*, 314 F.3d 262, 264 (6th Cir. 2002).

The *Rooker-Feldman* doctrine prohibits the losing party in a state court matter from "complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment [in a federal court]." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005). The rationale for the doctrine is that – with the exception of the Supreme Court – federal courts do not possess any authority to review a judgment by a state court. *Id.* at

3

291-92. In this case, the *Rooker-Feldman* doctrine does not preclude the Court from hearing Leaphart's claims.      In his claims under § 1983, it is Leaphart's contention that the injuries, about which he has complained, were caused by the conduct of the Defendants - not the state court judgment. With regard to Leaphart's first claim (namely, the Defendants denied a required administrative procedure to him), the alleged injury was inflicted at the time of the challenged denial and prior to any involvement by the state court. *See, e.g.*, *McCormick v. Braverman*, 451 F.3d 382, 392 (6th Cir. 2006) (*Rooker-Feldman* doctrine does not preclude subject matter jurisdiction over claims that defendants acted illegally); *Pittman v. Cuyahoga Cnty. Dept. of Children & Family Servs.*, 241 F. App'x 285, 289 (6th Cir. 2007) (*Rooker-Feldman* does not bar plaintiff's claims of  injury caused by third party, but not state court judgment)*; Stolicker v. Muller, Muller, Richmond, Harms, Myers, & Sgroi, P.C.*, 387 F. Supp. 2d 752, 754-55 (W.D. Mich. 2005) (*Rooker-Feldman* doctrine is inapplicable to situations wherein "alleged injury was independent of and complete prior to . . .   state court taking any action"). The same holds true for Leaphart's respective claims against Shaffer and Williams. He asserts that their conduct caused him to sustain the claimed   injury - not the state court judgment.

The Defendants argue that the Court is bound by its earlier ruling that it lacked subject matter jurisdiction over Leaphart's request for a preliminary injunction.  Therefore, in their opinion, it must now conclude that it lacks subject matter jurisdiction over the underlying claims in this case. The Court disagrees. In his request for an injunction, Leaphart sought relief from the state court order which granted possession of the apartment to the Detroit (Michigan) Housing Commission. The Court rejected his request for an injunction because such relief

would constitute an impermissible review of the state court judgment. *See, e.g.*, *Tyson v. RBS Citizens*, No. 11-10852, 2011 WL 830096, at *1 (E.D. Mich. Mar. 3, 2011) ("Courts have consistently applied the *Rooker–Feldman* doctrine to claims requesting review of a state court's eviction and foreclosure proceedings.") However, the denial of preliminary injunctive relief does not preclude this Court from taking jurisdiction of Leaphart's § 1983 claims on their merits, whereby he seeks to obtain monetary damages for the injuries that were allegedly inflicted upon him by the Defendants - not the state court judgment.

The Defendants also pursue their argument by contending that the Court lacks subject matter jurisdiction because Leaphart should have raised his claims during the state court proceedings. With this argument, the Defendants appear to suggest that Leaphart's claims must be barred to prevent multiplicitous litigation. This contention, however, sounds in res judicata, and does not incorporate the *Rooker-Feldman* doctrine. *See, e.g.*, *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979) (res judicata "has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation"); *see also Hutcherson v. Lauderdale County, Tennessee*, 326 F.3d 747, 755 (6th Cir. 2003) (explaining that *Rooker-Feldman* doctrine and res judicata are "not coextensive"). As this motion is limited to the issue of subject matter jurisdiction, the Court will not consider the merits of the Defendants' res judicata claim until it is fully argued in an appropriate motion.

For the reasons that have been set forth above, the Court denies the Defendants' motion to dismiss (ECF No. 32).

IT IS SO ORDERED.

Date:  February 25, 2013

s/Julian Abele Cook, Jr.
JULIAN ABELE COOK, JR.
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on February 26, 2013

s/ Kay Doaks
Case Manager