UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIRK LEAPHART,

        Plaintiff,

v.

                                           Case No. 12-13960
DETROIT HOUSING COMMISSION, et al.,    Honorable Julian Abele Cook, Jr.

        Defendants.

ORDER

In this case, the *pro se* Plaintiff, Kirk Leaphart, complains that the Detroit Housing Commission ("the Commission"), and one of its employees, Dennis Shaffer, unlawfully deprived him of an opportunity to utilize a administrative grievance procedure, to which he is entitled under 42 U.S.C. § 1437d(k). He also complains that Shaffer and Angela Williams, counsel for the Detroit Housing Commission, violated his Fourteenth Amendment right to due process.

Currently before the Court are (1) Leaphart's motion for an order that would revise an existing order, dated September 6, 2013; (2) the Commission's motion for summary judgment; and (3) Leaphart's motion to strike the Commission's reply to his response in opposition to the request for the entry of a summary judgment.

I.

On May 9, 2013, the Detroit Housing Commission advised Leaphart that he, as a tenant in one of the Commission's properties, had committed a "one-strike" violation. In this notice to Leaphart, the Commission complained that he had wrongfully assaulted one of its security guards, in violation of his lease agreement. This notice also notified Leaphart that he had threatened to (1)

shoot another resident, while repeatedly knocking on her apartment door and calling her vile names, and (2) inflict bodily harm upon members the Commission's staff. Def. Mot. Summary J., Ex. 7. In its notice, the Commission also informed Leaphart that this violation constituted a form of criminal activity which threatened "the health or safety of other residents, [Commission] employees, or persons residing in the immediate vicinity of the premises" and he was not entitled to a grievance hearing. *Id*. Thereafter, the Commission filed a lawsuit against Leaphart in the 36th District Court of Michigan, in which it sought to evict him from his apartment. The Commission's complaint also noted that he had assaulted a security guard, threatened a fellow resident, and committed a number of other violations of his lease agreement, including the failure to complete an annual application for continued occupancy.

Following a three-day trial, the state court determined that a public housing authority - acting under the authority of 24 C.F.R. § 966.51 - "may exclude from the administrative legal procedure . . . any grievance concerning a termination of tenancy or eviction that involves: (A) Any criminal activity that threaten [sic] the health, safety or right to peaceful enjoyment of the residents or employees; and (B) Any violent or drug related criminal activity on and off such premises." *Id.*, Ex. 4. The state court also determined that this trial provided him with constitutional due process, appropriate notice, an opportunity to be heard, as well as an opportunity for confrontation.

On August 2, 2012, a state court entered a judgment in favor of the Commission. Leaphart, believing that the trial court's decision was legally wrong, filed an appeal with the Michigan Court of Appeal, along with an emergency motion for relief, complaining that his eviction was without foundation. However, his emergency motion for relief was rejected. On October 3, 2012, a writ of eviction was issued. On October 12, 2013, Leaphart was evicted from his apartment.

Undaunted, Leaphart commenced a lawsuit in this Court, seeking to obtain a preliminary injunction which, if granted, would restrain the state court from its eviction efforts. Leaphart's request for preliminary injunctive relief was denied, as was his subsequent motion for reconsideration.

On March 8, 2013, Leaphart filed a motion for the entry of a judgment on the pleadings. The Court denied his motion a couple months later (May 20, 2013), after concluding that "the underlying facts which purportedly support the claimed constitutional and statutory violations have not been established." Order 4, ECF No. 49. On May 23, 2013, Leaphart filed a motion for partial relief from the May 20th order to which he attached a partial transcript of the state court eviction proceedings. The Court interpreted the submission of this document as proposed evidence that he had properly requested a grievance procedure. Notwithstanding the contents of the transcript, Leaphart's request was denied by the Court on September 6, 2013. Leaphart subsequently filed a motion for relief from this order, which is currently pending before this Court.

On September 24, 2013, a status conference was held, during which the Defendants expressed their intention of filing a motion for the entry of a summary judgment. A scheduling order was entered which, among other things, established (1) a deadline of October 25, 2013, and (2) a trial date of March 25, 2014. The Defendants subsequently timely filed a motion for summary judgment, which is currently awaiting a decision by this Court.

II.

In Leaphart's quest to obtain an order that will revise the order of September 6, 2013, he submits that the Court has misread the transcript that had been submitted by him in support of his request for judgment. The Court disagrees with Leaphart's opinion regarding this issue, and will

3

interpret his submission as a motion for reconsideration.

Pursuant to Local Rule 7.1(h), a litigant may file a motion for reconsideration within fourteen days after the entry of the order. E.D. Mich. LR 7.1(h). "Generally, . . .the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). In order to be successful in this endeavor, the moving party must establish (1) the existence of "a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled," and (2) "that correcting the defect will result in a different disposition of the case." *Id.* A palpable defect is one that is "obvious, clear, unmistakable, manifest or plain." *Whisk v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

As noted above, the Court, in its original order which denied Leaphart's request for an entry of judgment on the pleadings, wrote that "the underlying facts which purportedly support the claimed constitutional and statutory violations have not been established." Order 4, ECF No. 49.

In its order that bore the date of September 6, 2013, the Court denied Leaphart's motion for relief from its prior order, after finding in part, that the transcript submitted by Leaphart failed to indicate that he had properly requested a grievance hearing. Leaphart maintains that the purpose of the transcript proffer was only to demonstrate that he requested - and was denied - access to documentation necessary to present his defense in a grievance proceeding. Leaphart further asserts that he need not have expressly requested an administrative hearing in order to invoke his right to such a procedure. Rather, he contends that by denying him access to necessary documents, Shaffer and the Commission have effectively deprived him of his right to enjoy the benefits from this administrative procedure.

4

The submission of this transcript does not alter the initial determination by the Court that those facts which underlie the purported constitutional and statutory violations have not been established. The Commission has denied Leaphart's allegations and proffered affirmative defenses to his accusation. The pleadings alone, even with the addition of the submitted transcript, do not entitle Leaphart to the entry of a judgment as a matter of law. Leaphart's motion for reconsideration is denied.

III.

The Court will now turn to the Defendants' motion for the entry of a summary judgment. The purpose of the rule which governs the application of a summary judgment, as reflected by Federal Rule of Civil Procedure 56, "is to isolate and dispose of factually unsupportable claims or defenses . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The entry of a summary judgment is proper only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' for purposes of summary judgment if proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties." *Aqua Grp., LLC v. Fed. Ins. Co.*, 620 F. Supp. 2d 816, 819 (E.D. Mich. 2009) (citing *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984)). In order for a dispute to be genuine, it must contain evidence upon which a trier of the facts could find in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Singfield v. Akron Metro. Hous. Auth.*, 389 F.3d 555, 560 (6th Cir. 2004). When assessing a request for the entry of a summary judgment, a court "must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party." *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987).

The entry of a summary judgment is appropriate if the nonmoving party fails to present evidence which is "sufficient to establish the existence of an element essential to its case, and on which it will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

Thus, the moving party has the initial burden of identifying those portions of the record that demonstrate the absence of any genuine issue of a material fact. *Celotex*, 477 U.S. at 323. Thereafter, the nonmoving party must "come forward with some probative evidence to support its claim and make it necessary to resolve the differences at trial." *Boyd v. Ford Motor Co.*, 948 F.2d 283, 285 (6th Cir. 1991); *see also Anderson*, 477 U.S. at 256. The presence or the absence of a genuinely disputed material fact must be established by (1) a specific reference to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," or (2) a "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

## IV.

As an initial matter, Leaphart has filed a motion to strike the Defendants' reply brief on the grounds that (1) the font is too small and (2) an attached exhibit purportedly demonstrates that the Commission chose to exercise its discretion to grant a grievance hearing. The Court will deny this request. The font of the Defendants' reply brief is no smaller than Leaphart's own filings, and Leaphart has not provided any legal justification for striking the reply on the ground of the attached exhibit.

Turning next to the Defendants' motion for summary judgment, the Court notes that

Leaphart's amended complaint alleges the following claims: (1) the Commission failed to provide him with a statutorily required grievance procedure prior to his eviction in violation of 42 U.S.C. § 1437d(k); (2) Shaffer violated his Fourteenth Amendment right to due process when he refused to grant Leaphart an administrative stay of eviction; and (3) Williams violated his Fourteenth Amendment right to due process when she presented an order of eviction to a state court district judge outside of his presence. The Defendants contend that Leaphart's claims are barred by res judicata and collateral estoppel because they were or could have been raised in the prior state court proceeding.

The doctrine of res judicata requires that "'[f]ederal courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state.'" *Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 816-17 (6th Cir. 2010) (quoting *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007). Under Michigan law, a subsequent legal action is barred if "(1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Id*. at 817. "Res judicata 'bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not.'" *Id.* (quoting *Abbott*, 474 F.3d at 331). "To be in privity is to be so identified in interest with another party that the first litigant represents the same legal right that the later litigant is trying to assert." *Adair v. State*, 680 N.W.2d 386, 396 (Mich. 2004). The burden of proof is borne by the party asserting res judicata. *Buck*, 597 F.3d at 817.

"Collateral estoppel, or issue preclusion, precludes relitigation of an issue in a subsequent, different cause of action between the same parties or their privies when the prior proceeding

culminated in a valid final judgment and the issue was actually and necessarily determined in the prior proceeding." *Ditmore v. Michalik*, 625 N.W.2d 462, 467 (Mich. Ct. App. 2001). An issue has been actually litigated when it was "put into issue by the pleadings, submitted to the trier of fact for a determination, and thereafter determined." *VanDeventer v. Michigan Nat. Bank*, 432 N.W.2d 338, 341 (Mich. Ct. App. 1988).

Leaphart's claim that the Commission violated his right to a grievance procedure pursuant to 42 U.S.C. 1437d(k) is barred by res judicata and collateral estoppel. Turning first to the defense of res judicata, the first element has been satisfied. The state court issued a final order which granted a judgment in favor of the Commission. Leaphart's contention that the state court judgment is invalid because it did not have subject matter jurisdiction over a federal statutory claim must be rejected. The Supreme Court "has consistently held that state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States." *Tafflin v. Levitt*, 493 U.S. 455, 458 (1990). The second element has been met because the state court eviction proceedings involved the same parties: Leaphart and the Commission. Any actions that were undertaken by Williams and Shaffer were conducted as employees of the Commission. Therefore, to the extent that Leaphart alleges this claim against them in their unofficial capacities, they must be considered in privity with the Commission for purposes of res judicata.

The third element - that the matter was resolved in the prior proceeding - has also been satisfied. The Supreme Court of Michigan has ruled that "where the district court judgment and writ of eviction have not been reversed or vacated, they are conclusive on the narrow issue [of] whether the eviction was proper." *Sewell v. Clean Cut Mgmt., Inc.*, 621 N.W.2d 222, 225 (Mich. 2001).

Here, Leaphart contests his eviction as unlawful on the ground that he was denied access to an administrative grievance proceeding. This claim is barred by res judicata.

Leaphart's claim is also barred by collateral estoppel. First, he was a party in the state court eviction proceedings. Second, he had the full opportunity to litigate the issue of whether he was denied access to the grievance procedure. Third, the issue of whether Leaphart was entitled to a grievance procedure was expressly resolved by the state court judge, who rejected his argument. Leaphart contends that the Commission was required to provide him with a grievance procedure pursuant to 42 U.S.C. § 1437d(k). This statute requires the Secretary for the Department of Housing and Urban Development ("the Secretary") to promulgate a regulation that requires public housing agencies to establish an administrative grievance procedure providing tenants with notice and an opportunity to (1) be heard, (2) examine documents, (3) representation, (4) confront witnesses. 42 U.S.C. § 1437d(k). However, the statute also notes that "for any grievance concerning an eviction or termination of tenancy that involves any activity that threatens the health, safety, or right to peaceful enjoyment of the premises of other tenants or employees of the public housing agency or any violent or drug-related criminal activity on or off such premises," the public housing agency is permitted to deny an administrative procedure in qualified jurisdictions that require a court proceeding prior to eviction. *Id.*

During the state court proceedings, the trial judge in this case considered whether 24 C.F.R. § 966.51, the regulation promulgated by the Secretary, permitted Leaphart to be evicted without an administrative procedure because of his alleged criminal activity. He concluded that (1) no administrative procedure was required, and (2) the state court proceedings provided the necessary due process. The state court's entry of judgment constitutes a valid, final judgment. Leaphart is

9

barred by the doctrine of collateral estoppel from raising this issue as a new claim in federal court.

Leaphart alleges that Williams violated his Fourteenth Amendment right to due process by obtaining a writ of eviction from a state court judge during ex parte communications. However, under Michigan law, a party who has been awarded possession of a property may obtain a writ of eviction without notifying the person to be evicted. M.C.R. 4.201(L). Thus, Leaphart, in the absence of any statutory or case law citation, has not demonstrated that Williams violated his constitutional right to due process. The Defendants' motion for summary judgment is granted with respect to this claim.

Leaphart next alleges that Shaffer deprived him of his right to due process on October 3, 2012 by refusing "to grant him an administrative stay of eviction on his personal ground that an old email from Angela Williams caused him to be denied access to the grievance procedure." Am. Compl. 2. On October 3rd, the Commission obtained a writ of eviction from the state court. Def. Mot. Summary Judgment, Ex. 5. As noted above, the state court had previously determined that Leaphart was not entitled to an administrative grievance procedure. Inasmuch as Leaphart was not entitled to an administrative hearing, he has not demonstrated that Shaffer's claimed misconduct violated his right to due process. Summary judgment is granted with respect to this claim.

As a final matter, the Defendants maintain that Leaphart continues to threaten the safety and security of Williams and Shaffer. They ask that this Court enter an order which will require Leaphart to stay 500 feet away from (1) any property owned by the Commission and (2) any of the named Defendants in this case. However, the Defendants have not offered any authority by which a federal court may enter such an order. As a result, this request must be denied.

V.

For the reasons stated above, this Court will (1) deny Leaphart's motion for an order revising the Court's order dated September 6, 2013 (ECF No. 66); (2) deny Leaphart's motion to strike the Defendants' reply brief (ECF No. 81); (3) grant the Defendants' motion for summary judgment (ECF No. 77); and (4) deny the Defendants' request for a protective order.

IT IS SO ORDERED.

Date: March 5, 2014                                s/Julian Abele Cook, Jr.
                                               JULIAN ABELE COOK, JR.
                                               U.S. District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 5, 2014.

                                               s/ Kay Doaks
                                               Case Manager

11